# EXHIBIT A

SB1564 Enrolled							LRB099 05684 HEP 25727 b

1     AN ACT concerning civil law.

2     **Be it enacted by the People of the State of Illinois,**
3     **represented in the General Assembly:**

4     Section 5. The Health Care Right of Conscience Act is
5     amended by changing Sections 2, 3, 6, and 9 and by adding
6     Sections 6.1 and 6.2 as follows:

7     (745 ILCS 70/2) (from Ch. 111 1/2, par. 5302)
8     Sec. 2. Findings and policy. The General Assembly finds and
9     declares that people and organizations hold different beliefs
10    about whether certain health care services are morally
11    acceptable. It is the public policy of the State of Illinois to
12    respect and protect the right of conscience of all persons who
13    refuse to obtain, receive or accept, or who are engaged in, the
14    delivery of, arrangement for, or payment of health care
15    services and medical care whether acting individually,
16    corporately, or in association with other persons; and to
17    prohibit all forms of discrimination, disqualification,
18    coercion, disability or imposition of liability upon such
19    persons or entities by reason of their refusing to act contrary
20    to their conscience or conscientious convictions in <u>providing,</u>
21    <u>paying for, or</u> refusing to obtain, receive, accept, deliver,
22    pay for, or arrange for the payment of health care services and
23    medical care. <u>It is also the public policy of the State of</u>

SB1564 Enrolled - 2 - LRB099 05684 HEP 25727 b

1 <u>Illinois to ensure that patients receive timely access to</u>
2 <u>information and medically appropriate care.</u>
3 (Source: P.A. 90-246, eff. 1-1-98.)

4     (745 ILCS 70/3) (from Ch. 111 1/2, par. 5303)
5     Sec. 3. Definitions. As used in this Act, unless the
6 context clearly otherwise requires:
7     (a) "Health care" means any phase of patient care,
8 including but not limited to, testing; diagnosis; prognosis;
9 ancillary research; instructions; family planning,
10 counselling, referrals, or any other advice in connection with
11 the use or procurement of contraceptives and sterilization or
12 abortion procedures; medication; or surgery or other care or
13 treatment rendered by a physician or physicians, nurses,
14 paraprofessionals or health care facility, intended for the
15 physical, emotional, and mental well-being of persons;
16     (b) "Physician" means any person who is licensed by the
17 State of Illinois under the Medical Practice Act of 1987;
18     (c) "Health care personnel" means any nurse, nurses' aide,
19 medical school student, professional, paraprofessional or any
20 other person who furnishes, or assists in the furnishing of,
21 health care services;
22     (d) "Health care facility" means any public or private
23 hospital, clinic, center, medical school, medical training
24 institution, laboratory or diagnostic facility, physician's
25 office, infirmary, dispensary, ambulatory surgical treatment

SB1564 Enrolled - 3 - LRB099 05684 HEP 25727 b

1   center or other institution or location wherein health care
2   services are provided to any person, including physician
3   organizations and associations, networks, joint ventures, and
4   all other combinations of those organizations;
5       (e) "Conscience" means a sincerely held set of moral
6   convictions arising from belief in and relation to God, or
7   which, though not so derived, arises from a place in the life
8   of its possessor parallel to that filled by God among adherents
9   to religious faiths; ~~and~~
10      (f) "Health care payer" means a health maintenance
11  organization, insurance company, management services
12  organization, or any other entity that pays for or arranges for
13  the payment of any health care or medical care service,
14  procedure, or product<u>; and</u> ~~.~~
15      <u>(g) "Undue delay" means unreasonable delay that causes</u>
16  <u>impairment of the patient's health.</u>
17      The above definitions include not only the traditional
18  combinations and forms of these persons and organizations but
19  also all new and emerging forms and combinations of these
20  persons and organizations.
21  (Source: P.A. 90-246, eff. 1-1-98.)

22      (745 ILCS 70/6) (from Ch. 111 1/2, par. 5306)
23      Sec. 6. Duty of physicians and other health care personnel.
24  Nothing in this Act shall relieve a physician from any duty,
25  which may exist under any laws concerning current standards~~,~~ of

SB1564 Enrolled — 4 — LRB099 05684 HEP 25727 b

1  ~~normal~~ medical <u>practice or care</u> ~~practices and procedures~~, to
2  inform his or her patient of the patient's condition,
3  prognosis<u>, legal treatment options,</u> and risks <u>and benefits of</u>
4  <u>treatment options</u>, provided, however, that such physician
5  shall be under no duty to perform, assist, counsel, suggest,
6  recommend, refer or participate in any way in any form of
7  medical practice or health care service that is contrary to his
8  or her conscience.
9  Nothing in this Act shall be construed so as to relieve a
10 physician or other health care personnel from obligations under
11 the law of providing emergency medical care.
12 (Source: P.A. 90-246, eff. 1-1-98.)

13 <u>(745 ILCS 70/6.1 new)</u>
14 <u>Sec. 6.1. Access to care and information protocols. All</u>
15 <u>health care facilities shall adopt written access to care and</u>
16 <u>information protocols that are designed to ensure that</u>
17 <u>conscience-based objections do not cause impairment of</u>
18 <u>patients' health and that explain how conscience-based</u>
19 <u>objections will be addressed in a timely manner to facilitate</u>
20 <u>patient health care services. The protections of Sections 4, 5,</u>
21 <u>7, 8, 9, 10, and 11 of this Act only apply if conscience-based</u>
22 <u>refusals occur in accordance with these protocols. These</u>
23 <u>protocols must, at a minimum, address the following:</u>
24 <u>(1) The health care facility, physician, or health care</u>
25 <u>personnel shall inform a patient of the patient's</u>

1  condition, prognosis, legal treatment options, and risks
2  and benefits of the treatment options in a timely manner,
3  consistent with current standards of medical practice or
4  care.
5      (2) When a health care facility, physician, or health
6  care personnel is unable to permit, perform, or participate
7  in a health care service that is a diagnostic or treatment
8  option requested by a patient because the health care
9  service is contrary to the conscience of the health care
10 facility, physician, or health care personnel, then the
11 patient shall either be provided the requested health care
12 service by others in the facility or be notified that the
13 health care will not be provided and be referred,
14 transferred, or given information in accordance with
15 paragraph (3).
16     (3) If requested by the patient or the legal
17 representative of the patient, the health care facility,
18 physician, or health care personnel shall: (i) refer the
19 patient to, or (ii) transfer the patient to, or (iii)
20 provide in writing information to the patient about other
21 health care providers who they reasonably believe may offer
22 the health care service the health care facility,
23 physician, or health personnel refuses to permit, perform,
24 or participate in because of a conscience-based objection.
25     (4) If requested by the patient or the legal
26 representative of the patient, the health care facility,

1   physician, or health care personnel shall provide copies of
2   medical records to the patient or to another health care
3   professional or health care facility designated by the
4   patient in accordance with Illinois law, without undue
5   delay.

6   (745 ILCS 70/6.2 new)
7   Sec. 6.2. Permissible acts related to access to care and
8   information protocols. Nothing in this Act shall be construed
9   to prevent a health care facility from requiring that
10  physicians or health care personnel working in the facility
11  comply with access to care and information protocols that
12  comply with the provisions of this Act.

13  (745 ILCS 70/9) (from Ch. 111 1/2, par. 5309)
14  Sec. 9. Liability. No person, association, or corporation,
15  which owns, operates, supervises, or manages a health care
16  facility shall be civilly or criminally liable to any person,
17  estate, or public or private entity by reason of refusal of the
18  health care facility to permit or provide any particular form
19  of health care service which violates the facility's conscience
20  as documented in its ethical guidelines, mission statement,
21  constitution, bylaws, articles of incorporation, regulations,
22  or other governing documents.
23  Nothing in this Act ~~act~~ shall be construed so as to relieve
24  a physician, ~~or other~~ health care personnel, or a health care

SB1564 Enrolled - 7 - LRB099 05684 HEP 25727 b

1 <u>facility</u> from obligations under the law of providing emergency
2 medical care.
3 (Source: P.A. 90-246, eff. 1-1-98.)