**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES, et al., ) ) ) Plaintiffs, ) ) ) v. ) ) ) ) BRYAN A. SCHNEIDER ) ) ) Defendant. ) | No. 16 CV 50310<br><br>Judge Frederick J. Kapala<br><br>Magistrate Judge Iain D. Johnston |

**PLAINTIFFS' FED. R. CIV. P 72(a) OBJECTIONS TO THE UNITED STATES MAGISTRATE JUDGE'S DISPOSITION OF PLAINTIFFS' MOTION TO STAY DISCOVERY AND MOTION FOR SUMMARY JUDGMENT**

The Plaintiffs National Institute of Family and Life Advocates d/b/a NIFLA; Tri-County Crisis Pregnancy Center, d/b/a Informed Choices; The Life Center, Inc., d/b/a TLC Pregnancy Services; and Mosaic Pregnancy & Health Centers, by and through their undersigned attorneys, respectfully submit this Federal Rule of Civil Procedure 72(a) Objection to the United States Magistrate Judge's disposition of their Motion to Stay Discovery (ECF. No. 95 (filed Feb. 11, 2019)) and Motion for Summary Judgment (ECF. No. 90 (filed Jan. 29, 2019)). ECF No. 97 (Feb. 19, 2019).

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs' Verified Complaint seeks declaratory and injunctive relief against Senate Bill 1564 ("SB 1564"), an amendment to the Illinois Healthcare Right of Conscience Act ("HCRCA"), which requires medical professionals who do not want to provide or refer for abortions to speak about the "benefits" of abortion to patients. It further requires medical professionals to provide women a list of doctors who may perform abortions if a woman inquires about abortion. On July 19, 2017, this Court preliminarily enjoined the enforcement of SB 1564, holding that Plaintiffs had demonstrated a likelihood of success on their First Amendment Free Speech claim. ECF No. 65.

Following the issuance of the preliminary injunction, this case was stayed pending the outcome of the Supreme Court's decision in *National Institute of Family and Life Advocates v. Becerra ("NIFLA"),* No. 16-1140. *See* Order Granting Unopposed Motion to Stay Proceedings, ECF No. 78. On June 26, 2018, the Supreme Court issued its ruling in *NIFLA*, holding that a California law compelling pro-life pregnancy centers to engage in speech promoting abortion likely violates the Free Speech Clause. 138 S.Ct. 2361 (2018). This case was then continued on July 31, 2018 at the status conference. ECF No. 82. Written discovery closed on October 31, 2018.

On January 29, 2019, Plaintiffs filed their Motion for Summary Judgment. ECF No. 90. At that time, Defendant had not noticed a single deposition, though discovery had been open for approximately 8.5 months, including the time before (October 3, 2017–December 15, 2017) and following the stay (July 31, 2018–January 29, 2019). Defendant has not noticed any depositions in the four months since the close of written discovery on October 31, 2018. Shortly after Plaintiffs filed their summary judgment motion, Plaintiffs filed their Motion to Stay Discovery Pending Resolution of Plaintiffs' Motion for Summary Judgment. ECF No. 95 (filed Feb. 11, 2019). On February 19, 2019, the Magistrate Judge denied Plaintiffs' motion to stay discovery and deferred

Plaintiffs' motion for Summary Judgment indefinitely. ECF No. 97 (Feb. 19, 2019). Plaintiffs object to this order.

## ARGUMENT

This Court reviews an objection to the Magistrate Judge's disposition of a nondispositive matter under a "clearly erroneous" or "contrary to law" standard of review. FED. R. CIV. P. 72(a). This Court can set aside or modify a decision of a Magistrate Judge if "it contains some clearly apparent mistake." *F.T.C. v. Pacific First Benefit, LLC*, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005).

Motions for summary judgment may be filed "at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). Plaintiffs filed a Motion for Summary Judgment on January 29, 2019, followed by a Motion to Stay Discovery on February 11, 2019. This Court may, "for good cause," limit discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations omitted).

In a 42 U.S.C. § 1983 action such as this one, the Court may deny discovery where the material facts are not in dispute. *Reynolds v. Jamison*, 488 F.3d 756, 762 (7th Cir. 2007). As discussed in Plaintiffs' Memorandum in Support of Motion for Summary Judgment, there remain no factual disputes in this case, only issues of law. *See* ECF No. 91 at 2. A stay of discovery obligations under Federal Rule of Civil Procedure 26 is necessary because Plaintiffs' Motion for Summary Judgment raises pure questions of law and, if granted, the motion would terminate litigation.

Defendant stated at the February 19, 2019 hearing that it desired further discovery, and therefore opposed Plaintiffs' Motion to Stay Discovery. Transcript of Feb. 19, 2019 Hearing at 3–4 (attached as Exhibit A). Under Rule 56, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). The Seventh Circuit has held that "[w]hen a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance" under Rule 56(d). *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir.1996)[1]. Defendant did not follow the procedure required by Rule 56(d), but instead merely stated that further discovery was desired. The Magistrate Judge then *sua sponte* deferred consideration of Plaintiffs' Motion for Summary Judgment and denied Plaintiffs' Motion to Stay Discovery, without requiring Defendant to follow the procedure outlined in Rule 56(d). Exh. A at 7. This action was therefore contrary to law.

### I.    The Supreme Court's decision in *NIFLA v. Becerra* is dispositive and further discovery is unnecessary.

This Court granted Plaintiffs' Motion for Preliminary Injunction on July 19, 2017. ECF No. 65. In doing so, this Court held that "plaintiffs have demonstrated a better than negligible chance of showing that Illinois has multiple options less restrictive than compelling those with conscience-based objections to abortion to communicate to a patient that abortion is a legal treatment option as well as the information she will need to obtain an abortion." *See* Order of Mot. for Prelim. Inj., ECF No. 65 at 8. Following the preliminary injunction order, the case was stayed pending the decision in *NIFLA*, due to the fact that *NIFLA* would be dispositive in this case. Order

---

[1] This passage in *Farmer* specifically cites to former Federal Rule of Civil Procedure 56(f), which has since been renumbered to 56(d). *See, e.g. Tolonen v. Heidorn*, 599 Fed. Appx. 591, 593 (7th Cir. 2015) (noting that Rule 56(f) is now 56(d)).

Granting Unopposed Motion to Stay Proceedings, ECF No. 78 (Dec. 15, 2017). As Plaintiffs noted in their motion to stay, the legal claims and the facts involved in *NIFLA* are substantially similar to those involved in this case, and "[b]ecause the Supreme Court will be considering these facts in the context of a compelled speech claim, its decision in [*NIFLA*] will almost certainly inform the way this Court will analyze and rule on the merits of the First Amendment claim at issue in this case . . . ." *See* Mot. to Stay Proceedings Pending Resolution in Appeal of *NIFLA v. Becerra*, ECF. No. 74 at 3. The Supreme Court issued its opinion in *NIFLA* on June 26, 2018.

*NIFLA* concerned a California law that required pro-life pregnancy centers (similar to Plaintiffs here) to provide a disclosure referring to state-sponsored abortion services. *Id.* at 2368–69. The Court held that this provision was content-based and likely violates the First Amendment even under intermediate scrutiny. *Id.* at 2376. In particular, the Court held that the law was not narrowly tailored to its alleged interest in "educat[ing] low-income women about the services" provided by California because: (1) the law was "wildly underinclusive" where it applied only to pro-life pregnancy centers, and not to other medical providers offering services to low-income women; and (2) the state of California could have informed women of state services rather than "burdening a speaker with unwanted speech." *Id.* at 2375–2376 (internal citations and quotation marks omitted). On remand, the State of California agreed to a permanent injunction against the challenged law. *See NIFLA,* Order Granting Permanent Injunction, No. 3:15-cv-02277-JAH-RNB, ECF. No. 76 (S.D. Ca. Oct. 26, 2018). Shortly thereafter, the State of Hawaii agreed to a permanent injunction against its substantially similar law following the *NIFLA* decision. *See* Order Granting Permanent Injunction, *Calvary Chapel Pearl Harbor v. Chin*, No. 1:17-cv-00326-DKW-RT, Ecf. No. 53 (D. HI. Sept. 20, 2018).

Like the law at issue in *NIFLA*, SB 1564 here requires pro-life pregnancy centers and medical professionals to provide information on abortion services, and is unconstitutional both facially and as applied pursuant to *NIFLA*. Because *NIFLA* is controlling on the question of whether SB 1564 violates the First Amendment, Plaintiffs maintain that further discovery is no longer necessary in this case. Plaintiffs believe that continuing discovery would impose undue discovery burdens in an effort to obtain information irrelevant to resolving this case.

Plaintiffs filed their Motion for Summary Judgment following the close of written discovery because *NIFLA* decided the precise constitutional question at issue here. All matters remaining are exclusively issues of law, which this Court may decide via summary judgment. Moreover, the Court may deny further discovery where the material facts are not in dispute. *Reynolds*, 488 F.3d at 762. As discussed in Plaintiffs' Memorandum in Support of Motion for Summary Judgment, no factual disputes remain. *See* ECF No. 91 at 2. Summary judgment is therefore appropriate at this time, and further discovery is unnecessary and unduly burdensome.

**II. Rule 56(d) requires Defendant to identify specific reasons why further discovery is necessary via affidavit or declaration prior to the Court deferring consideration of Plaintiffs' Motion for Summary Judgment.**

Under Rule 56, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). "When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance" under Rule 56(d). *Farmer*, 81 F.3d at 1449. Such a motion "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) (internal citations omitted). "In its affidavit, the party must demonstrate 'how postponement of a

6

ruling on the motion will enable [it], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *OneBeacon Insurance Co. v. U.S. Foods, In*c., 304 F.R.D. 536, 540 (N.D. Ill. 2014) (quoting *Korf v. Ball State Univ*., 726 F.2d 1222, 1230 (7th Cir. 1984). Moreover, "the evidence the non-movant seeks must be relevant to his case." *Id*. (citing *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir.2002)).

At the February 19 hearing, Defendant's counsel stated that further discovery was necessary. Exh. A at 3–4. Defendant's counsel represented that it desired deposition testimony of at least those Plaintiffs that had submitted declarations, and possibly more. *Id*. However, Defendant did not file a motion for continuance, and has not provided testimony via either affidavit or declaration "that, for specified reasons, it cannot present facts essential to justify its opposition" to Plaintiffs' Motion for Summary Judgment. FED. R. CIV. P. 56(d). Defendant had from October 3, 2017 through December 15, 2017 and from July 31, 2018 until the present to obtain deposition testimony, but failed to schedule even a single deposition during that time. Defendant's complete failure to diligently pursue discovery improperly prejudices the Plaintiffs. Moreover, the testimony contained in the declarations submitted in support of Plaintiffs' Motion for Summary Judgment was concise, short, and contained only very limited additional facts. ECF No. 92, Exh. I (Declaration of Kathleen Lesnoff); Exh. J (Declaration of Sarah VanDerLip); and Exh. K (Declaration of Vivian Maly). If Defendant believes it requires additional facts to justify its opposition to Plaintiffs' Motion for Summary Judgment, he must specifically list the reasons why in an affidavit or declaration. Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Korf*, 726 F.2d at 1230 (internal citations omitted).

The Magistrate Judge did not require Defendant to adhere to Rule 56(d), and *sua sponte* deferred Plaintiffs' Motion for Summary Judgment. Exh. A at 7. This action was a "clearly apparent mistake" and contrary to law. *See Pacific First Benefit, LLC*, 361 F. Supp. 2d at 754. This Court should therefore set aside or modify the Magistrate Judge's decision.

### III. The burden and expense of discovery outweighs any benefit of further discovery.

The burden and expense of discovery outweighs its benefits, and therefore must be stayed. Because only pure legal issues remain, discovery is unnecessary. If discovery is not stayed, Plaintiffs will be subjected to several depositions located throughout Illinois, and possibly at least one deposition in Virginia. Plaintiffs would also likely need to retain a rebuttal expert. Plaintiffs will incur significant travel expenses, in addition to the significant expense involved with taking and defending depositions. Moreover, Defendant has repeatedly insisted that it desires expert testimony (even though such testimony is unnecessary to the resolution of the questions of law this Court can already resolve based on the undisputed facts and face of the law in question), and Plaintiffs will therefore be required to provide a rebuttal expert witness. Pushing consideration of Plaintiffs' Motion for Summary Judgment out even further until the end of unnecessary and unduly burdensome expert discovery would further prejudice Plaintiffs' motion and risk pushing consideration of the motion out many more months. Because all issues remaining are issues of law, further discovery is unnecessary, expensive, and overly burdensome.

Courts have stayed or limited discovery in First Amendment matters in an effort to avoid unnecessary burdens on free speech. For example, the United States District Court for the District of Columbia has recognized that "the threat to the First Amendment is sufficient good cause to stay the discovery process pending resolution of a dispositive motion," and that an order staying discovery was proper in order to "avoid the time and expense of responding to inquiries that will

8

have no effect on the resolution of the forthcoming motion." *Moldea v. New York Times Co.*, 137 F.R.D. 1, 1–2 (D.D.C. 1990).

Because discovery is unnecessary, it would unfairly prejudice Plaintiffs to impose the time and costs of discovery on them before the dispositive motion is resolved. Plaintiffs therefore respectfully request that this Court stay further discovery pending resolution of Plaintiffs' Motion for Summary Judgment, and schedule the Motion for Summary Judgment for a hearing.

Respectfully submitted this 5th day of March, 2019,

*s/ Elissa M. Graves*
Elissa M. Graves (admitted *pro hac vice*)
Kevin H. Theriot (admitted *pro hac vice*)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
480.444.0020
480.444.0028 (fax)
egraves@ADFlegal.org
ktheriot@ADFlegal.org

Noel W. Sterett, Bar No. 6292008
DALTON & TOMICH PLC
504 N. State St.
Belvidere, IL 61008
815.986.8050
nsterett@daltontomich.com

*Counsel for Plaintiffs*

THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 5, 2019, I electronically filed the foregoing paper with the Clerk of Court for the by using the ECF system which will send notification of such filing to the following:

Lisa Madigan
Attorney General of Illinois
Sarah H. Newman
Michael T. Dierkes
Assistant Attorneys General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
312-814-6131/312-814-3672
lmadigan@atg.state.il.us
snewman@atg.state.il.us
mdierkes@atg.state.il.us