**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRYAN A. SCHNEIDER, <br><br> Defendant. | Case No. 16-50310 <br><br> Hon. Iain D. Johnston <br><br> Magistrate Judge Lisa A. Jensen |
| RONALD L. SCHROEDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRYAN A. SCHNEIDER, <br><br> Defendant. | Case No. 17-4663 <br><br> Hon. Iain D. Johnston <br><br> Magistrate Judge Lisa A. Jensen |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO AMEND AND TO CERTIFY FOR INTERLOCUTORY APPEAL**

Sarah J. Gallo
Elizabeth Morris
Lauren H. Barski
Matthew V. Chimienti
*Assistant Attorneys General*
Special Litigation Bureau
OFFICE OF THE ILLINOIS ATTORNEY GENERAL
100 W. Randolph St., 11th Floor
Chicago, IL 60601
Tel.: (312) 814-3000
sgallo@atg.state.il.us
emorris@atg.state.il.us
lbarski@atg.state.il.us
mchimienti@atg.state.il.us

*Counsel for Defendant*

Defendant respectfully opposes the certification of an interlocutory appeal sought by plaintiffs pursuant to 28 U.S.C. § 1292(b). An appeal is not statutorily permitted, and allowing a piecemeal appeal would unnecessarily delay expert discovery and resolution of these actions.

## **PROCEDURAL POSTURE**

In September 2016, NIFLA plaintiffs initiated this suit; in December 2016, defendants moved to dismiss; and in February 2017, NIFLA plaintiffs moved to preliminarily enjoin amendments to the Illinois Health Care Right of Conscience Act (the "Amendments") that had become effective on January 1, 2017. (NIFLA Dkt. 1, 15-16, 35-36.) On July 19, 2017, Judge Kapala partially granted defendants' motion to dismiss, dismissing the state law claims and the Governor as a party and allowing only the Free Speech and Free Exercise claims to proceed.[1] (NIFLA Dkt. 65.) Judge Kapala granted the motion for a preliminary injunction by enjoining Defendant Bryan Schneider, then-Secretary of the Illinois Department of Financial and Professional Regulation (the "Secretary"), from enforcing the Amendments statewide against conscience objectors to abortion. (*Id.*) In doing so, the Court emphasized the "low" threshold for obtaining a preliminary injunction to protect First Amendment rights (*id.* at 5), and explained that "at this stage of the litigation and on this record" the Secretary had not yet proven that the Amendments would survive constitutional challenge. (*Id.* at 9.) Discovery had not yet begun and no evidentiary hearings had been held.[2]

In March 2017, Schroeder plaintiffs filed a separate action, which was reassigned to Judge Kapala as substantially similar to *NIFLA*. (Schroeder Dkt. 27.) The parties briefed the

---

[1] Plaintiffs name former Secretary Bryan Schneider as a defendant in his official capacity. Pursuant to Federal Rule of Civil Procedure 25(d), litigation proceeded against his successor Secretary Deborah Hagan.
[2] Prior to this injunction, an Illinois court enjoined enforcement of the Amendments against certain plaintiffs only. *Pregnancy Care Ctr. of Rockford v. Rauner*, No. 16 MR 741, (17th Cir. Winnebago County, Dec. 20, 2016), *available at* https://perma.cc/CSH5-QCQZ.

1

preliminary injunction motion and motion to dismiss before conducting discovery. (Schroeder Dkt. 57.) In October 2017, the Court denied Schroeder plaintiffs' motion for preliminary injunction in light of the preliminary injunction granted in *NIFLA*, dismissed the Governor as a party, and dismissed all of Schroeder plaintiffs' claims except their Free Speech and Free Exercise ones. (Schroeder Dkt. at 1-3.)[3] In December 2017, the Court stayed both cases pending a decision by the U.S. Supreme Court in *National Institute of Life Advocates v. Becerra*, which was issued in June 2018. 138 S. Ct. 2361.

The parties exchanged written discovery and produced thousands of responsive documents. In January 2019, plaintiffs moved for summary judgment. (NIFLA Dkt. 93; Schroeder Dkt. 67.) The Secretary filed a Rule 56(d) affidavit, requesting depositions of six affiants who had supported plaintiffs' motions but had not been deposed. (NIFLA Dkt. 116; Schroeder Dkt. 94.) Both cases were reassigned to Chief Judge Pallmeyer in May 2019. (NIFLA Dkt. 117; Schroeder Dkt. 95.) The Court allowed the six depositions. (NIFLA Dkt. 119; Schroeder Dkt. 97.) The Secretary moved to align summary judgment briefing, set a discovery schedule, and conduct expert discovery. (NIFLA Dkt. 123; Schroeder Dkt. 100.) On June 4, 2019, the Court denied without prejudice the request for expert discovery pending review of plaintiffs' summary judgment motions. (NIFLA Dkt. 130; Schroeder Dkt. 108.)

On September 3, 2020, Chief Judge Pallmeyer issued the same order in both cases denying plaintiffs' motions for summary judgment and directing the parties to file a proposed expert discovery schedule.[4] *Nat'l Inst. of Family & Life Advocates v. Schneider*, --- F.Supp.3d ---

---

[3] Citation herein to Judge Kapala's preliminary injunction order refers to the *NIFLA* order.
[4] Plaintiffs misstate material facts in their Motion, such as whether the Amendments relate to gaining informed consent for health care services provided by plaintiffs. *See NIFLA,* 2020 WL 5253855, at *12. The relevant facts are set forth in the Court's September 3, 2020 Order. Additional context can be found in the memoranda submitted by the Secretary in opposition to the plaintiffs' motions for summary judgment. (NIFLA Dkt. 142-45; Schroeder Dkt. 120-24.)

2

-, 2020 WL 5253855 (N.D. Ill. Sept. 3, 2020); NIFLA Dkt. 176; Schroeder Dkt. 154 (the "Order"). The Court found that genuine disputes of material fact precluded summary judgment for plaintiffs. *Id.* at *13. For resolution of both the Free Speech and Free Exercise claims, the Court found expert discovery was needed. *Id.* at *20-21, 24-25, 28, 31, 36.

On September 29, 2020, both cases were reassigned to Judge Johnston upon his appointment. (NIFLA Dkt. 177; Schroeder Dkt. 155.) NIFLA plaintiffs then moved to certify the Order "[b]ecause this case is now before a third District Court judge." (NIFLA Dkt. 178; Pl. Memo. at 11[5] (the "Motion").) Schroeder plaintiffs joined the Motion. (Schroeder Dkt. 156-58.)[6] The Court stayed expert discovery pending resolution of the Motion. (NIFLA Dkt. 179; Schroeder Dkt. 157).

## **LEGAL STANDARD**

Courts of appeal have limited jurisdiction to review district courts' interlocutory decisions. Limited jurisdiction is permitted by statute in rare instances when all statutory criteria are satisfied. *See* 28 U.S.C. § 1292(b). Given their disruptive nature, however, interlocutory appeals are greatly disfavored. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) ("Judges have been stingy in accepting interlocutory appeals by certification under 28 U.S.C. § 1292(b), because that procedure interrupts the progress of a case and prolongs its disposition. That bogey is a principal reason why interlocutory appeals are so disfavored in the federal system.").

---

[5] Citation herein to "Pl. Memo. at __" refers to NIFLA plaintiffs' Memorandum in Support of Plaintiffs' Motion to Amend and to Certify for Interlocutory Appeal the Court's Order Denying Plaintiffs' Motion for Summary Judgment. (NIFLA Dkt. 178-1.)
[6] Since Schroeder plaintiffs joined the Motion, citation herein to the Motion refers only to the *NIFLA* brief; however, all arguments apply to both cases.

3

"There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000) (citations omitted) (emphases original). "There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed." *Id.* Crucially, "[u]nless *all* these criteria are satisfied, the district court may not and should not certify its order[.]" *Id.* at 676 (emphasis original).

## ARGUMENT

Plaintiffs have not satisfied any section 1292(b) requirements because the legal standards in these cases are inextricably driven by the factual record, which is still being developed. An appeal at this time would delay discovery of the facts essential to resolving this litigation. Even if plaintiffs were correct that Chief Judge Pallmeyer's Order misstated the governing legal standard, certification would not materially advance the termination of this litigation because the Secretary would still be entitled to expert discovery under any legal standard.

**I.      Plaintiffs have not presented a question of law for review.**

Interlocutory appeals are heavily disfavored, and the type sought by plaintiffs—review of a denial of summary judgment that found genuine disputes of material fact—is the paradigm of an order that cannot be appealed.

A "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine *rather than* to whether the party opposing summary judgment had raised a genuine issue of material fact." *Ahrenholz*, 219 F.3d at 676 (emphasis added). Plaintiffs must show that the "case turn[s]

4

on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record[.]" *Id.* at 677.

Plaintiffs identify no such quick, clean question of law. Instead, plaintiffs seek certification of a denial summary judgment which concluded that genuine issues of material fact precluded judgment as a matter of law. However, as the Seventh Circuit has noted, a denial of summary judgment due to disputed issues of fact "is a paradigmatic example of an interlocutory order that normally is not appealable." *Ahrenholz*, 219 F.3d at 676 (finding no question of law presented under section 1292(b) in denial of summary judgment on Free Speech claim); *see also* 10A MARY KAY KANE, WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2715 (4th ed. 2020) ("denial of a Rule 56 motion is an interlocutory order from which no immediate appeal is available"). Accordingly, the Seventh Circuit has directed courts to "remember that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Ahrenholz*, 219 F.3d at 677. "Section 1292(b) was not intended to make denials of summary judgment routinely appealable." *Id.* at 676 (citations omitted); *see also Baxter Int'l Inc. v. Cobe Labs., Inc.,* 89 C 9460, 1992 WL 151894, at *6 (N.D. Ill. June 15, 1992) ("Interlocutory appeal was not intended to allow courts of appeal to offer advisory opinions rendered on hypothesis which evaporate in light of full factual development." (quotation omitted)).

Plaintiffs' Motion confirms that the Order is not suitable for interlocutory review. It argues about the application of First Amendment law to a version of facts that the Court's summary judgment opinion recognized as unsupported and disputed. (Pl. Memo. at 1 (claiming Amendments "target[] pro-life medical professionals and facilities and requires them to promote abortion"), at 3 ("it is also a pure question of law whether SB 1564 should be analyzed within the broader context of the overall regulation of medical professionals"), at 6 (the "Order incorrectly

5

applied intermediate scrutiny because it did not require that Defendant demonstrate that less restrictive alternatives were not successful")). The Court denied summary judgment after careful study of the parties' extensive submissions; based on this review, the Court held that material facts about the applicable standard of care for health care professionals remain disputed and that a fuller record with expert testimony is needed. *See* 2020 WL 5253855, at \*12 ("The court does not now delineate the appropriate standard of care and…will permit expert discovery on the issue."), at \*13 ("the court is unwilling to conclude that Defendant has not met his burden of demonstrating that the law promotes a substantial interest until Defendant has been given an opportunity to complete the requested expert discovery").

Resolution of these factual disputes is critical to determining the applicable First Amendment legal standard. *See Becerra*, 138 S.Ct. at 2373 (concluding legal standard based on how challenged law was "not tied to a [medical] procedure," "applie[d] to all interactions between a [health care] facility and its clients," and did not require provision of "information about the risks or benefits of [medical] procedures."). Without record evidence as to what health care professionals must disclose to patients about reproductive treatments to meet the standard of care, and whether they must obtain informed consent for a procedure or inform a patient of her legal treatment options, the Court cannot decide whether the Amendments regulate professional conduct. *See id.* ("the requirement that a doctor obtain informed consent to perform an operation is firmly entrenched in American tort law." (quotation omitted)); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 884 (1992) ("a requirement that a doctor give a woman certain information as part of obtaining her consent to an abortion is, for constitutional purposes, no different from a requirement that a doctor give certain specific information about any medical procedure."). Without knowing whether the Amendments are consistent with a standard of care

6

applicable to health care professionals generally, it is impossible to determine which First Amendment legal standard to apply. *See id.* And without knowing which legal standard to apply, the Court cannot determine whether the Amendments survive the corresponding level of scrutiny. To be sure, the Court ticked through each of these inquiries in its Order; plaintiffs now improperly seek appellate review of these fact-bound determinations.

## II.   Plaintiffs misconstrue different standards for preliminary injunction and summary judgment stages as a "contestable" issue.

Plaintiffs argue that a contestable issue exists because "[t]wo judges have examined the same set of facts and reached different conclusions based on their conflicting reading of the law." (Pl. Memo. at 1). That framing is inaccurate; the Court reviewed materially different records in reaching each decision. In 2017, Judge Kapala issued a preliminary injunction without first holding an evidentiary hearing or allowing any discovery. It is clear that the Court did not issue its 2017 decision after examining a "set of facts" given both the early procedural posture of the case and that the Court's order did not cite any facts. (*See* NIFLA Dkt. 65.) Rather, the Court noted the general risk that "even short deprivations of First Amendment rights constitute irreparable harm" and opted to enjoin the law pending litigation. (*Id.* at 5 (quotation omitted).) Three years later, Chief Judge Pallmeyer declined to grant summary judgment for plaintiffs after carefully examining the parties' briefs and voluminous factual submissions, which were based on multiple depositions and thousands of documents exchanged during discovery.

Different procedural standards in the course of multi-year cases do not generate a "contestable" issue under section 1292. In other words, different kinds of motions pose different *questions* to the Court. However, to satisfy the "contestable" requirement, the interlocutory decision to be reviewed must involve a question of law subject to different *answers. See* 28 U.S.C. § 1292(b) (requiring "substantial ground for difference of opinion"). Plaintiffs conflate

7

the fact that the Court was presented with different *questions* in its decisions, with section 1292's contestable requirement that a question of law lead to different *answers*. (*See* Pl. Memo. at 4 ("It is difficult to imagine a more striking example of a substantial conflict when two judges on the same Court analyze the law and apply it to the same set of facts yet reach contradictory conclusions.")).

    Here, "a motion for summary judgment raises a different decisional question for the judge than does a motion for a preliminary injunction." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse – Wis., Inc.*, 991 F.2d 1249, 1258 (7th Cir. 1993). This distinction requires "district courts to be cautious" at the summary judgment stage before "adopting conclusions of law made in ruling on a preliminary injunction because the posture of the case at that time inevitably entails incomplete evidentiary materials and hurried consideration of the issues." *Id*. Chief Judge Pallmeyer appropriately applied "a different decisional question" to the far more extensive facts than the "incomplete materials" presented to Judge Kapala. *Id.* To be precise, Chief Judge Pallmeyer considered 87 relevant documents and excerpts from 7 depositions attached as exhibits to the Secretary's summary judgment opposition (NIFLA Dkt. 143-44), whereas the *NIFLA* preliminary injunction motion was supported by only the verified complaint (Dkt. 36). While Judge Kapala's order merely acknowledged that plaintiffs posed constitutional questions about the Amendments, Chief Judge Pallmeyer's Order reflects that, at the end of fact discovery, plaintiffs had not shown they were entitled to summary judgment. The presence of a factual record allowed Chief Judge Pallmeyer to more fully apply First Amendment case law to plaintiffs' claims than Judge Kapala had. In sum, that plaintiffs

identified differences in the Court's analyses at the preliminary injunction and summary judgment phases does not create a "contestable" question appropriate for an interlocutory appeal.

Plaintiffs also claim to have satisfied the contestable requirement because the Court's Order did "exactly the opposite of what [*Becerra*] instructed" in applying *Casey*, 505 U.S. 833. (Pl. Memo. at 9.) The Court found *Becerra*'s analysis of *Casey* factually distinguishable[7] and repeatedly concluded that additional discovery was needed to resolve the remaining claims. *See* 2020 WL 5253855, at *11-12, 14. These are not legal distinctions that constitute a difference of opinion, but factual ones made by the Court with the benefit of substantial discovery.

### III.  Interlocutory review would unnecessarily slow this litigation.

Section 1292 also requires showing that an appeal would "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), and that "interlocutory reversal might save time for the district court, and time and expense for the litigants." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (explaining "controlling" requirement). These cases have already been stayed once to see whether and how *Becerra* would clarify the relevant legal standards. Another stay pending an interlocutory appeal would slow down resolution yet again.

Further, interlocutory review does not materially advance litigation when "issues would remain for resolution on the return of [the] matter from the court of appeals – resulting in proceedings related to summary judgment and/or trial." *Republic Bank of Chi.*, 2015 WL 4397781, at *4; *see also Lajim, LLC v. Gen. Elec. Co.*, 13 CV 50348, 2016 WL 626801, at *2 (N.D. Ill. Feb. 17, 2016) (when "multiple issues would remain unresolved, even if [the movant]

---

[7] Unlike the Amendments, the notices required by the law in *Becerra* "provided no actual information about any medical procedures," "had to be provided to all patients, regardless of their medical conditions or the reasons they came to the clinic," and "did not apply to a large number of clinics offering similar pregnancy services." 2020 WL 5253855, at 12. The Court found that these factual differences made the Amendments more akin to the law challenged in *Casey* than that in *Becerra*. *See id.*

9

succeeded on an interlocutory appeal, the appeal [does] not materially advance the ultimate termination of the litigation.").

A stay here is not only unnecessary to resolve any outstanding questions, but it would also further delay development of the facts necessary to dispose of this litigation. No matter the legal standard determined by this Court or the Court of Appeals, the Secretary is entitled to expert discovery to demonstrate the state interest in the Amendments. *See* 2020 WL 5253855, at *13 (Court "is unwilling to conclude that Defendant has not met his burden of demonstrating that the law promotes a substantial interest until Defendant has been given an opportunity to complete the requested expert discovery"); *see, e.g., id.* at *21 n.19, 24-25, 28-29. Even under the legal standards urged by plaintiffs, the Secretary will still have an opportunity to demonstrate the state interest in the Amendments. *See Becerra*, 138 S.Ct. at 2375 (considering proposed "substantial state interest" in applying intermediate scrutiny); *Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 444 (2015) (government must "demonstrate[] that a speech restriction is narrowly tailored to serve a compelling interest" to survive strict scrutiny). For example, to resolve plaintiffs' Free Speech and Free Exercise claims, the Court found it necessary to know the standard of care for providers who do not have conscience objections. *See* 2020 WL 5253855, at *12 n.19, 19. And even if the parties' experts conflict and require trial, as plaintiffs warn, trial would be required to resolve that factual conflict under any legal standard.

Like most requested section 1292(b) appeals, *see Blair*, 181 F.3d at 835, the proposed interlocutory appeal would slow down this already delayed litigation.

## CONCLUSION

Plaintiffs have failed to demonstrate why the Court, in its discretion, should delay progress in this action. Defendant respectfully requests that the Court deny Plaintiffs' Motions to

Amend and to Certify for Interlocutory Appeal the Court's Order Denying Plaintiffs' Motion for Summary Judgment (NIFLA Dkt. 178; Schroeder Dkt. 156) and allow expert discovery to resume.

Date: November 30, 2020

Respectfully submitted,

/s/ Sarah J. Gallo

Sarah J. Gallo
Elizabeth Morris
Lauren H. Barski
Matthew V. Chimienti
*Assistant Attorneys General*
Special Litigation Bureau
OFFICE OF THE ILLINOIS ATTORNEY GENERAL
100 W. Randolph St., 11th Floor
Chicago, IL 60601
Tel.: (312) 814-3000
sgallo@atg.state.il.us
emorris@atg.state.il.us
lbarski@atg.state.il.us
mchimienti@atg.state.il.us

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the ECF system, which will send notification of such filing to the following:

Thomas Olp
Patrick Gillen
Thomas More Society
309 W. Washington, Suite 1250
Chicago, IL 60603
(312) 782-1680
tolp@thomasmoresociety.org
ptg.gillen@gmail.com
*Counsel for Schroeder Plaintiffs*

Elissa M. Graves
Kevin H. Theriot
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
480-444-0020
egraves@ADFlegal.org
ktheriot@ADFlegal.org
*Counsel for NIFLA Plaintiffs*

Noel W. Sterett
Dalton & Tomich PLC
504 N. State Street
Belvidere, IL 61008
815-986-8050
nsterett@daltontomich.com
*Counsel for NIFLA Plaintiffs*

                 */s/ Sarah J. Gallo*_____
                 *One of the attorneys for Defendant*