UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| National Institute of Family and Life Advocates, d/b/a NIFLA; *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 16 CV 50310<br>) |
| Bryan A. Schneider, | )<br>)<br>) |
| Defendant. | )<br>) |
| Doctor Ronald L. Schroeder, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 17 CV 4663<br>) |
| Bryan A. Schneider, | )<br>)<br>) |
| Defendant. | ) |

ORDER

Plaintiffs' motions to amend and to certify for interlocutory appeal the Court's order denying plaintiffs' motion for summary judgment, dkt. 178 (in 16 CV 50310); dkt. 158 (in 17 CV 4663), are denied. The case is referred to Magistrate Judge Jensen for expert discovery. Because this case will proceed with expert discovery, the Court solicits position papers from the parties on their views as to whether the Court should retain a Court appointed-expert under Federal Rule of Evidence 706. The parties' position papers are due by April 16, 2021.

STATEMENT

Both sets of plaintiffs in both cases have filed motions to certify an interlocutory appeal under 28 U.S.C. § 1292(b) based upon Chief Judge Pallmeyer's order denying plaintiffs' respective motions for summary judgment. Dkt. 176 (in 16 CV 50310); Dkt. 154 (in 17 CV 4663). In denying the summary judgment motions, Judge Pallmeyer found that genuine issues of material fact existed that prevented summary judgment. Dkt. 176, at 2, 14, 24, 24 n.21, 27, 40-41; Dkt. 154 at 2, 14, 24,

1

24 n.21, 27, 40-41. Judge Pallmeyer repeatedly found that expert testimony was needed to determine whether the amendments to the statute required medical professionals to meet the standard of care. Dkt. 176, at 20, 21 n.19, 25, 31-32, 36; Dkt. 154, at 20, 21 n.19, 25, 31-32, 36.

Appeals under Section 1292(b) are discretionary, with the district court being first to exercise its discretion. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). The party seeking certification bears the burden. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Section 1292(b) allows a district court to certify an interlocutory appeal when the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for differences of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Under the statute, there are four criteria to grant a petition: (1) there must be a question of law; (2) the question of law must be controlling; (3) the question of law must be contestable; and (4) the resolution of the question of law must speed up the litigation. *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). All elements must be met. *Couch*, 611 F.3d at 633; *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, 11-CV-003, 2011 U.S. Dist. LEXIS 17396, at *10 (N.D. Tex. Feb. 14, 2011). Although the Court doubts that any of the elements can be met, it focuses on whether there is a substantial ground for differences of opinions.

Plaintiffs highlight two conflicts to support the contestable element. They claim that Judge Pallmeyer's summary judgment order conflicts with Judge Kapala's preliminary injunction ruling. Dkt. 178-1, at 8-10; Dkt. 158-1, at 8-10. And plaintiffs claim that Judge Pallmeyer's order conflicts with controlling Supreme Court case law. Dkt. 178-1, at 11-12; Dkt. 158-1, at 11-12. Neither argument has merit.

Plaintiffs' claim that Judge Pallmeyer's order conflicts with Judge Kapala's order fundamentally misunderstands the nature of the two procedures. A court's duty and focus in the summary judgment context is very different than its duty and focus in ruling on a preliminary injunction motion. *See, e.g., Comm'ns. Maint., Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1205 (7th Cir. 1985). That Judge Pallmeyer and Judge Kapala came to two different conclusions is not necessarily surprising, and it certainly does not meet the standard required by Section 1292(b).

Plaintiffs' claim that Judge Pallmeyer's order conflicts with *Planned Parenthood v. Casey*, 505 U.S. 833 (1992) again misses the mark and misunderstands the function of Section 1292(b). No doubt, plaintiffs' counsel believes that Judge Pallmeyer's ruling was incorrect. But that is not a basis for an appeal under Section 1292(b). No dispute exists among jurists. Instead, a dispute exists between plaintiffs' counsel's interpretation of *Casey* and Judge Pallymeyer's application of *Casey* under the disputed facts of this case. It's fair to say that in

nearly every case in which a district court denies summary judgment, there is a dispute between at least one counsel and the district court. That is not the type of dispute certification is designed to address.

Finally, Judge Pallmeyer's repeated findings that genuine issues of material facts precluded summary judgment establish that certification is inappropriate under Section 1292(b). *See Chappell & Co. v. Frankel*, 367 F.2d 197, 200 n.4 (2d Cir. 1966) ("It is doubtful whether the denial of summary judgment when the applicable law is clear but there is a genuine issue as to a material fact can properly be certified under Section 1292(b), for that section is limited only to certifying an order involving a 'controlling question of law.'").

In the exercise of its discretion, the Court finds that plaintiffs have failed to meet their burden to establish all the required elements under Section 1292(b).

The action is referred to Magistrate Judge Jensen for expert discovery. Although expert opinion testimony has a place in modern civil litigation, the Court possesses healthy skepticism about retained experts. *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 2021 U.S. Dist. LEXIS 9040, at *24 (N.D. Ill. Jan. 19, 2021). The Court is confident that each side will produce experts who will provide opinion testimony that supports their respective positions. That's what experts are hired to do. So, the Court is a proponent of using court-appointed experts, who are not inherently biased. *See* Fed. R. Evid. 706. But before engaging a court-appointed expert, the Court would like to hear the parties' views on using that procedure. The parties must file any position papers on this topic by April 16, 2021.

Entered: March 29, 2021

By:_____
Iain D. Johnston
U.S. District Judge