IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| National Institute of Family and Life Advocates, *et al.*,<br><br>   Plaintiffs,<br><br> v.<br><br>Mario Treto Jr.,<br><br>   Defendant. | Case No. 16-cv-50310<br><br>Hon. Iain D. Johnston<br><br>Magistrate Judge Lisa A. Jensen |
| Ronald Schroeder, *et al.*,<br><br>   Plaintiffs,<br><br> v.<br><br>Mario Treto Jr.,<br><br>   Defendant. | Case No. 17-cv-4663<br><br>Hon. Iain D. Johnston<br><br>Magistrate Judge Lisa A. Jensen |

**DEFENDANT'S AGREED MOTION TO CONSOLIDATE FOR TRIAL**

Under Federal Rule of Civil Procedure 42(a)(1), Defendant moves to consolidate *National Institute of Family & Life Advocates v. Schneider* (16-cv-50310) and *Schroeder v. Schneider* (17-cv-4663) for the final pretrial order, trial, and post-trial submissions as set forth below. Defendant states as follows in support of this motion:

**Legal Standard**

1. Rule 42(a) states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

2. "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). "Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency. Courts should decline to consolidate if consolidation would lead to confusion or prejudice." *Est. of W. v. Giese*, No. 19-CV-1843-PP, 2020 WL 3895299, at *1 (E.D. Wis. July 10, 2020) (quotation omitted).

**Discussion**

3. The Court should consolidate the *NIFLA* and *Schroeder* cases for trial under Rule 42(a)(1) because they involve common questions of law and fact. Namely, they involve the same challenged law, same legal claims, same defendant, and substantially similar plaintiffs.

4. Plaintiffs in both cases challenge amendments to the Illinois Health Care Right of Conscience Act, 745 ILCS 70/6.1, under the Free Speech and Free Exercise Clauses of the First Amendment. NIFLA Dkt. 1; Schroeder Dkt. 1. They both allege that the amendments compel speech in violation of their First Amendment rights.

5. Both cases are brought against the Secretary of the Illinois Department of Financial and Professional Regulation in his official capacity. *Id.* Counsel for Defendant is the same in both cases.

6. Both cases are brought by crisis pregnancy centers ("CPCs") or health care providers who volunteer at CPCs in Illinois. Plaintiff CPCs all provide health care services in the forms of pregnancy testing, prenatal ultrasounds, and family planning and pregnancy options counseling. All Plaintiffs have conscience objections to abortion and seek to dissuade pregnant patients from having abortions. They do not inform patients about any medical benefits of abortion and do not refer patients to health care providers for abortions. Schroeder Plaintiffs also have

conscience objections to contraception and sterilization for the purpose of preventing pregnancy. *See id.*

7. Although these cases have not been formally consolidated, the Court has handled them jointly since June 2017, when the *Schroeder* case was transferred to this district because of the substantially similar *NIFLA* case. Schroeder Dkt. 27.

8. The Court has issued identical rulings on motions filed in both cases, including one ruling on Plaintiffs' motions for summary judgment, *National Institute of Family & Life Advocates v. Schneider*, 484 F.Supp.3d 596 (N.D. Ill. 2020), and one ruling on Plaintiffs' motions to certify for interlocutory appeal. NIFLA Dkt. 185; Schroeder Dkt. 160.

9. Further, discovery has been conducted jointly in these cases. The Court entered the same confidentiality order (NIFLA Dkt. 132, 138; Schroeder Dkt. 110, 116) and set the same discovery deadlines (NIFLA Dkt. 130, 197; Schroeder Dkt. 108, 172). The parties have relied on the same expert testimony, with Plaintiffs sharing one of their two respective experts, Dr. Ashley Fernandes, for their cases, and Defendant relying on one expert, Dr. Paul Burcher, who issued one expert report that addressed both cases.

10. At trial, the parties will address the same underlying facts and law, including presenting certain documents and witness testimony for both cases. For example, at trial the parties of both cases will address the legislative history of the challenged law, common practices and procedures of the Plaintiff CPCs, and expert testimony of Dr. Fernandes and Dr. Burcher.

11. Accordingly, consolidating these cases for trial would "avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency." *Est. of W.*, 2020 WL 3895299, at *1.

12. Although Schroeder Plaintiffs also have conscience objections to contraception and sterilization, the challenges based on these objections are the same as the challenge based on the common objection to abortion, and a consolidated trial poses no risk of "confusion or prejudice" on this issue, particularly because this will be a bench trial. *Id.*

13. The NIFLA and Schroeder Plaintiffs agree that the cases should be joined or consolidated for the limited purposes of the final pretrial order, trial, and submission of proposed findings of fact and conclusions of law, subject to their request that the Court's order specify that (1) it does not limit the ability of Plaintiffs' counsel to effectively represent their respective clients, including their ability to present non-cumulative evidence or separate proposed findings of fact and conclusions of law, or the right of Plaintiffs' counsel to otherwise file separate motions, briefs, and papers needed to effectively represent their respective clients: and (2) as a result of any joining or consolidation of these cases for these stages of the litigation all of the Plaintiffs will be entitled to rely upon the objections to evidence advanced by any of Plaintiffs' counsel and the cumulative evidentiary proffer of the "Plaintiffs' side."

14. Defendant reserves the right to request that the Court set limits on post-trial submissions, including the right to request joint submissions from Plaintiffs as the Court deems appropriate.

For these reasons, Defendant respectfully requests that the Court consolidate the *NIFLA* and *Schroeder* cases for trial—including for the final pretrial order, trial, and post-trial submissions as set forth above—under Rule 42(a)(1), and grant any other relief that is equitable and just.

Date: August 16, 2023                                       Respectfully submitted,

                                                                  KWAME RAOUL
                                                                  *Illinois Attorney General*

                                       By:           */s/ Sarah J. Gallo*
                                                      Assistant Attorney General
                                            Karyn Bass-Ehler
                                            Elizabeth Morris
                                            Sarah J. Gallo
                                            Hannah Jurowicz
                                            John Hazinski
                                            Office of the Illinois Attorney General
                                            100 West Randolph Street
                                            Chicago, Illinois 60601
                                            sarah.gallo@ilag.gov
                                            (312) 814-3000