# Exhibit D

**STATEMENT OF CLAIMS AND DEFENSES**

I.     **NIFLA and Schroeder Plaintiffs' Statement of Claims**

The NIFLA and Schroeder Plaintiffs will present the following claims at trial:

1. Senate Bill 1564's requirement that Plaintiffs "inform a patient of the patient's . . . legal treatment options, and risks and benefits of those options," Illinois Healthcare Right of Conscience Act,745 Ill. Comp. Stat. 70/6.1(1) (IHRCA), violates the Free Speech Clause of the First Amendment because it compels Plaintiffs to engage in speech about the benefits of abortion, contraception, and sterilization with which they disagree.

2. IHRCA's requirement that healthcare providers "provide in writing information to the patient about other health care providers who they reasonably believe may offer the health care service the health care facility, physician, or health personnel refuses to permit, perform, or participate in because of a conscience-based objection," 745 Ill. Comp. Stat. 70/6.1(3), violates the Free Speech Clause of the First Amendment because it compels Plaintiffs to refer for abortion, contraception, and sterilization in violation of their conscience.

3. IHRCA's requirement that Plaintiffs "inform a patient of the patient's . . . legal treatment options, and risks and benefits of those options," 745 Ill. Comp. Stat. 70/6.1(1), including the benefits of abortion, sterilization, and contraception violates the Free Exercise Clause of the First Amendment because it compels Plaintiffs to violate their religious convictions, including that life is a gift from God from the moment of conception and should not be destroyed by abortion.

4. IHRCA's requirement that healthcare providers "provide in writing information to the patient about other health care providers who they reasonably believe may offer the health care service the health care facility, physician, or health personnel refuses to permit, perform, or participate in because of a conscience-based objection," 745 Ill. Comp. Stat. 70/6.1(3), violates the Free Exercise Clause of the First Amendment because it compels Plaintiffs to refer for abortion, contraception, and sterilization in violation of their religious convictions, including that life is a gift from God from the moment of conception and they should not be complicit in destroying it.

5. Defendant's application of the IHRCA to the Plaintiffs coerces the Plaintiffs to communicate information they do not wish to provide (e.g., medical advice about the putative benefits of elective abortion, elective sterilization, and elective contraception; or transfers or referrals to another person so that an individual can obtain these services; or written information about persons who will provide these services).

6. Defendant's application of the IHRCA to the Plaintiffs requires them to provide information directly linked only to those procedures that have been or may be performed by the medical professionals that provide limited medical services in cooperation with the PRCs (pregnancy tests, a limited ultrasound, and/or limited STD testing or treatment).

1

7. Defendant's application of the IHRCA to the Plaintiffs requires them to provide information that they do not wish to provide violates their right to free speech.

8. Defendant's application of the IHRCA to the Plaintiffs requires them to speak or act in ways that are contrary to their sincerely held religious convictions (e.g., by requiring Plaintiffs to provide medical advice about the putative benefits of elective abortion, elective sterilization, and elective contraception; or provide transfers or referrals to another person so that an individual can obtain these services; or provide written information about persons who will provide these services).

9. Defendant's application of the IHRCA to the Plaintiffs coerces them to speak or act in ways that are contrary to their sincerely held religious beliefs (e.g., to provide medical advice about the putative benefits of elective abortion, elective sterilization, and elective contraception; or provide transfers or referrals to another person so that an individual can obtain these services; or provide written information about persons who will provide these services), substantially burdens their free exercise of religion.

10. Defendant's application of the IHRCA to the Plaintiffs requires them to provide information that is not required by current standards of medical practice and care.

11. Defendant's application of the IHRCA to the Plaintiffs does require the Plaintiffs to take actions that are not required by the applicable standards of medical care, how does it so.

12. If the Defendant's application of the IHRCA to the Plaintiffs requires the Plaintiffs to do more than required by applicable standards of medical care, the Defendant's application of the IHRCA to the Plaintiffs violates their First Amendment right to the free exercise of religion.

13. If the Defendant's application of the IHRCA to the Plaintiffs simply requires them to comply with current standards of medical care, the requirements imposed by current standards of medical practice and care violate the Plaintiff's First Amendment right to the free exercise of religion.

14. The Defendant cannot produce evidence sufficient to meet the burden of proof he must meet to justify his use of the IHRCA to require the Plaintiffs to provide information that they do not wish to deliver and cannot deliver without violating their sincerely held religious convictions. For example, the Defendant cannot show that the IHRCA as amended by PA 99-690 addresses a real problem that is not conjectural.

15. Defendant cannot prove that the means chosen to further any governmental interest satisfies the applicable requirements for precision in regulation, e.g., the Defendant cannot show that he has done so by means that are narrowly tailored and the least restrictive (of the right that is regulated).

**II.     Defendant's Statement of Defenses**

Defendant asserts that the doctrine of sovereign immunity bars claims for damages, restitution, costs, attorneys' fees, and any other monetary relief for claims made against state agencies and state officials under state law.

Defendant asserts that the amendments to the Illinois Healthcare Right of Conscience Act enacted in Senate Bill 1564 are constitutional under the holdings of *Planned Parenthood v. Casey*, 505 U.S. 833 (1992), and *Doe v. Rokita*, 54 F.4th 518 (7th Cir. 2022), regarding regulations of professional speech that require giving truthful, non-misleading information about medical options.

In the alternative, Defendant asserts that the amendments to the Act are constitutional under the intermediate scrutiny standard of review. Regulatory alternatives to the Amendments would be insufficient to ensure that, for example: when consulting with physicians and related health care personnel, patients receive medically accurate, non-misleading information appropriate to their personal circumstances; the information provided by physicians and related health care personnel enables patients to make timely and informed medical decisions; and that physicians and related health care personnel facilitate continuity of care by making available, upon request, information about accessing legal medical services.

Defendant asserts that, as the Court has previously ruled, strict scrutiny does not apply to the Act's regulation of professional speech under Plaintiffs' free speech challenge or to Plaintiffs' free exercise claim.