IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| National Institute of Family and Life Advocates, *et al.*, | Case No. 16-cv-50310 |
| Plaintiffs, | Hon. Iain D. Johnston |
| v. | Magistrate Judge Lisa A. Jensen |
| Mario Treto Jr., | |
| Defendant. | |
| Ronald Schroeder, *et al.*, | |
| Plaintiffs, | Case No. 17-cv-4663 |
| v. | Hon. Iain D. Johnston |
| Mario Treto Jr., | Magistrate Judge Lisa A. Jensen |
| Defendant. | |

**DEFENDANT'S MOTION IN LIMINE TO BAR TESTIMONY OF PASHA BOHLEN AND STEVEN JELLEMA**

Defendant Mario Treto Jr. submits this motion in limine under Federal Rule of Civil Procedure 37(c)(1) to bar the testimony of Schroeder Plaintiffs' fact witnesses Pasha Bohlen and Steven Jellema. In support of this motion, Defendant states as follows:

**Background**

1. On the morning of August 28, 2023, the same day that the Final Pretrial Order was due to the Court (Dkt. 202), counsel for Schroeder Plaintiffs submitted to Defendant's counsel a draft list of trial witnesses that disclosed for the first time fact witnesses Pasha Bohlen and Steven Jellema.

1

2. That afternoon, counsel for Defendant advised counsel for Schroeder Plaintiffs by email and in a subsequent phone call that they objected to the additions of Bohlen and Jellema as trial witnesses for failure to disclose under Federal Rule of Evidence 26(a)(1).

3. At close of business that day, counsel for Schroeder Plaintiffs submitted to counsel for Defendant a finalized list of witnesses that still included Bohlen and Jellema.

4. Schroeder Plaintiffs did not name Bohlen or Jellema in their Rule 26(a)(1)(a) disclosures, served October 20, 2017. Ex. A. Schroeder Plaintiffs have not supplemented or otherwise amended their Rule 26(a)(1)(a) disclosures.

5. Nor did Schroeder Plaintiffs include Bohlen or Jellema in their responses to Defendant's First Set of Interrogatories, in which they listed "all persons with discoverable information regarding the allegations in [their] complaint." Ex. B. Schroeder Plaintiffs served these interrogatory responses on October 25, 2018, and have not supplemented or otherwise amended them.

6. In short, Schroeder Plaintiffs first notified Defendant of their intent to rely on Bohlen and Jellema as fact witnesses in general and at trial specifically on the due date for the Final Pretrial Order, August 28, 2023.

7. Fact discovery in this case closed nearly four years ago. Dkt. 114. As Defendant had no notice of Schroeder Plaintiffs' intended reliance on Bohlen and Jellema, Defendant did not take the deposition of either witness.

8. Schroeder Plaintiffs filed a motion for summary judgment in January 2019 (Dkt. 67), which the parties briefed without the benefit of any deposition testimony by Bohlen or Jellema. The Court denied that motion. *Nat'l Institute of Family & Life Advocates v. Schneider*, 484 F.Supp.3d 596 (N.D. Ill. 2020).

9. This case is scheduled for trial on September 20, 2023 (Dkt. 202), approximately three weeks from Schroeder Plaintiffs' belated disclosure of these two witnesses.

**Legal Standard**

10. Under Federal Rule of Civil Procedure 26(a)(1)(A), "a party must, without awaiting a discovery request, provide to the other parties…the name…of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

11. Further, Rule 26(e)(1) states that a party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

12. Rule 37(c)(1) in turn provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

13. "Given the plain language of the Rule 37, the sanction of exclusion is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Allen v. Norfolk S. Ry. Co.*, 248 F.3d 1156 (7th Cir. 2000) (internal citations omitted). "The offending party bears the burden to show that its Rule 26 failure is substantially justified or harmless." *PCM Leasing, Inc. v. BelGioioso Cheese, Inc.*, No. 16 CV 50076, 2019 WL 4567576, at *3 (N.D. Ill. July 11, 2019) (Johnston, J.).

3

**<u>Bohlen and Jellema's testimony is not substantially justified and would not be harmless.</u>**

14. First, Schroeder Plaintiffs' egregious late disclosures of Bohlen and Jellema were not substantially justified. From conversations with counsel, Defendant understands that these witnesses are supposed to stand in for fact witness Susan Wilson, who Defendant deposed and is now deceased. Notwithstanding Schroeder Plaintiffs' ongoing obligations under Rule 26(e) to supplement their disclosures, they are not justified in waiting until the eve of trial to disclose Bohlen and Jellema as Wilson passed away seven months ago. Plaintiffs first informed Defendant that Wilson had passed on August 11, 2023. Meanwhile, this case has been pending since 2017, set for trial since May, and the Court expressed the strong likelihood of trial during the summary judgment prefiling conference in March 2022. Dkt. 182.

15. Second, the belated disclosures of Bohlen and Jellema on Schroeder Plaintiffs' witness list for trial without Defendant having deposed them is far from harmless. "[A] district court should consider in deciding whether non-compliance with Rule 26(a) is harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) *amended* (Feb. 2, 2012) (quotation omitted).

16. Defendant is prejudiced and surprised by Schroeder Plaintiffs' Rule 26 failures. Wilson identified Bohlen and Jellema as employees of Plaintiff crisis pregnancy center PASS in her deposition, but "knowing an individual exists does not equate with…alert[ing] [Defendant] that deposing those witnesses may be necessary in order to learn the substance of their testimony, and to ensure that they do not hear the testimony for the first time at trial." *Doe 1 v. City of Chi.*, Case No. 18-cv-3054, 2019 WL 5290899, at *8 (N.D. Ill. Oct. 18, 2019) (finding "Rule 26(e)

4

failure was not harmless or substantially justified"). In addition, the years-late disclosures of Bohlen and Jellema "could have impacted other decisions made during the course of litigation," compounding the prejudice to Defendant. *Id.* at *9.

17. Next, there is practically zero ability to cure the prejudice to Defendant because fact discovery closed almost four years ago and trial starts approximately three weeks after Schroeder Plaintiffs' belated disclosures. In that short period, Defendant would have to seek leave from the Court to reopen fact discovery, depose Bohlen and Jellema, and readjust trial strategy based on their testimony, all while preparing for the many other facets of trial.

18. Such scrambling would almost certainly disrupt the trial. "This is not the time to reopen fact discovery and burden" Defendant with deposing "more fact witnesses who by all rights should and could have been disclosed well before the [] fact discovery cut-off date," or at the least, shortly after Wilson's death seven months ago. *Dunn v. Brown*, No. 20 CV 5645, 2022 WL 19323, at *3 (N.D. Ill. Jan. 3, 2022). "The Federal Rules of Civil Procedure are designed to avoid precisely the type of surprises at trial that Plaintiff[s] [are] advocating here." *Santiago v. Franklin*, No. 15 CV 1856, 2021 WL 929100, at *3 (N.D. Ill. Mar. 11, 2021) (finding party was "harmed or prejudiced" by late fact witnesses disclosure "given that fact discovery had been closed for over two years by the time the disclosures were made, and the time for investigating the testimony of these witnesses – let alone deposing them or locating witnesses to rebut their testimony – has long since passed.").

19. By contrast, it is unlikely that barring testimony by Bohlen and Jellema would impact Schroeder Plaintiffs at trial. Schroeder Plaintiffs designated Wilson's deposition transcript for admission into evidence at trial, and Bohlen and Jellema's testimony is intended to

5

supplant Wilson as a representative of Plaintiff PASS. Thus, Wilson's deposition should suffice in the absence of testimony by Bohlen and Jellema.

20. Finally, although Defendant does not have evidence of bad faith in Schroeder Plaintiffs' Rule 26 failures, there is evidence of neglect. Schroeder Plaintiffs and their attorneys are obligated to monitor the status of their witnesses for potential trial testimony and timely supplement their Rule 26 disclosures.

WHEREFORE, Defendant respectfully requests that the Court bar testimony from Pasha Bohlen and Steven Jellema under Rule 37(c)(1).

Dated: August 28, 2023

Respectfully submitted,

/s/ Sarah J. Gallo
Karyn Bass-Ehler
Elizabeth Morris
Sarah J. Gallo
Hannah Jurowicz
John Hazinski
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
sarah.gallo@ilag.gov
(312) 814-3000
Counsel for Defendant