# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| DR. RONALD L. SCHROEDER, et. al., | Case No.: 1:17-cv-044663 |
| | Hon. Frederick J. Kapala |
| Plaintiffs, | Hon. Iain D. Johnston, Magistrate Judge |
| v. | |
| BRUCE RAUNER, et al., | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Plaintiffs, by undersigned counsel, hereby responds to Defendant's First Set of Interrogatories to Plaintiffs, as follows:

**GENERAL RESPONSES AND OBJECTIONS**

1.     The responses reflect the current state of the Plaintiffs' knowledge, understanding and belief regarding the matters about which inquiry is being made.  Plaintiffs  reserve the right to supplement or modify these responses with information they may hereafter discover or as they may be informed by the opinions of experts retained by the parties to testify in the trial of this matter, and will do so in accordance with the Federal Rules of Civil Procedure. Plaintiffs reserve the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

**INTERROGATORIES**

1.         Identify all persons with discoverable information regarding the allegations in your complaint, and identify the subjects of that information.

RESPONSE:  Objection.  Read literally the interrogatory includes any person who has worked at the Plaintiffs at any time, any person who has contacted the Plaintiffs at any time, any person who has received any services from Plaintiffs, who promise clients confidentiality to protect their privacy, participants in the legislative process that led to enactment of P.A. 99-690 and perhaps others.  As such the request is overbroad and out of proportion to Defendants' legitimate need to discover matters relevant to the Plaintiffs' complaint which can be obtained from the witnesses identified below.  It is also unduly

1

burdensome. Plaintiffs are small non-profit organizations with small staffs that rely upon volunteers. The effort to identify and collect information relevant to this broad request would cripple Plaintiffs' efforts to provide services. Subject to these objections Plaintiffs provide the following response:

| Name, Title | Subjects of Information |
|---|---|
| Ronald L. Schroeder, M.D., Medical Director, Options Now, 4854 North Alby, Godfrey, IL 62035 | Complaint allegations describing their role and activities as Medical Directors at these pregnancy centers; their review of ultrasounds and involvement in other medical services provided, including in limiting the scope of services provided by the centers. Their creation and supervision of standing orders and medical protocols at the centers, including to obtain informed consent as to medical procedures offered to clients; their opinions and knowledge of the extant standard of care in Illinois; their practice regarding dissemination of information regarding abortion risks and benefits, and transfers and referrals; and their religious objections as pertaining to advising or assisting women regarding abortion; their experience as medical doctors; their medical opinions concerning the need for PA 99-0690. |
| Cara Paschal, Executive Director, Options Now 4854 N. Alby Godfrey, IL 62035  Judy K. Cocks, Executive Director 1st Way Life Center 3714 Fairview Ave., Johnsburg, IL 6051  Susan Wilson, Director of Operations, PASS Pregnancy Aid Southwest Suburbs (PASS), 17214 Oak Park Ave. Tinley Park, IL 60477 | Knowledge of the procedures and processes of their respective pregnancy centers, including knowledge of intake procedures, processing of clients, communicating to clients what service limitations exist; role of volunteers, staff, and professional personnel; process of securing informed consent through communications and use of forms; the philosophy and approach of the centers with respect to services offered, including how clients are approached; the religious motivation for the centers' work; the nature of the centers' religious objections to compliance with PA 99-0690 and whether compliance with PA 99-0690 would violate their conscience and religious beliefs; the centers' opinions over the need for PA 99-0690, including discussing risks and benefits of abortion with clients; their opinions and practices concerning transferral, referral of clients for abortion, and dissemination of information about abortion providers; their |

2

| | |
|---|---|
| | conscientious objection to such practices; their understanding of the knowledge of clients concerning abortion options and their opinion about the need for PA 99-0960 with respect to their clients; their understanding of the typical desires and requested services of clients and prospective clients of the centers; the scope of discussions about abortion as well as alternatives to abortion with clients. |

Plaintiffs reserve the right to supplement their response to this Interrogatory to add additional individuals if required.

2. State the name and address of each lay witness who will testify at trial or hearing and state the subject matter of each witness' testimony and any opinions held by the witness.

RESPONSE: The persons identified about will testify as indicated above. Plaintiffs will supplement their response to this Interrogatory to add any additional lay witnesses at the appropriate time.

3. State the name and address of each independent expert witness who will testify at trial or hearing and state the subject matter of each witness' testimony and the opinions plaintiffs expect to elicit.

RESPONSE: Plaintiffs have not yet identified experts who will serve this purpose. Plaintiffs will supplement their response to this Interrogatory to add any additional expert witnesses consistent with the Court's pretrial order and the Federal Rules of Civil Procedure and local rules.

4. State the name and address of each controlled expert witness who will offer any testimony and state:

 (a) The subject matter on which each witness is expected to testify;
 (b) the conclusions and opinions of each witness and the bases therefor, including reports of the witness, if any;
 (c) The qualifications of each witness, including a *curriculum vitae* and/or resume, if any;
 (d) The identity of any written reports of each witness;
 (e) The identity of all data or other information considered by each witness in forming the opinions;
 (f) The description of any exhibits to be used as a summary of or support for the opinions of each witness;
 (g) The identity of all publications authored by each witness within the preceding ten years.

3

(h) The amount of compensation to be paid for any study and testimony by each witness; and

(i) The identity of any other case in which each witness has testified as an expert witness at trial or by deposition in the preceding four years.

RESPONSE: See Response to Interrogatory 3 above.

4. Identify all past or present employees, volunteers and/or medical directors who **have provided health care services to your patients or clients at any time since January 1, 2012**. For each individual, provide the following information: (1) name, including all former names under which the individual was licensed and/or provided health care services; (2) all health care licenses held; (3) IDFPR license number if applicable; (4) all other states in which the individual is or was licensed to provide health care services, including license numbers for each; (5) the time period during which the individual provided health care services to your patients or clients and a brief description of the nature of the services provided.

RESPONSE: See ATTACHMENT ONE to these interrogatories.

5. Identify all individuals named in your response to Interrogatory No. 4 who have been the subject of a **disciplinary enforcement action in any state**. For each such individual, please provide information about this enforcement action, including date, the enforcement body involved, the nature of the allegations, the outcome of the action, and any discipline imposed.

RESPONSE: Plaintiffs are aware of no health care provider who has worked or volunteers for them who has been subject to a disciplinary enforcement action in any state.

6. Identify all individuals named in your response to Interrogatory No. 4 who have ever been **sued for malpractice or any similar claims**, including but not limited to failure to obtain informed consent; or who have ever notified an insurance carrier of a possible malpractice claim or any other claim related to their provision of health care services. For each such individual, please provide information about each such lawsuit or claim, including case name or patient name, case number or claim number, date of filing or notification, the nature of the allegations, and the outcome of the action or claim.

RESPONSE: Dr. Schroeder has had no malpractice claims since 2012. Prior to that time, while he was in private practice as an OB/GYN, he faced one malpractice claim, which occurred in the mid 1980s and arose out of a fetal demise during the mother's pregnancy. Dr. Schroeder performed a dilatation and evacuation of the fetal remains, and during the procedure the uterus was perforated, injuring the woman in her bowel. The case was settled by Dr. Schroeder's insurance company. Dr. Schroeder does not remember the name of the patient or the case number. Dr. Schroeder no longer engages in the practice of medicine outside of his work for Options Now.

Dr. Persino was sued for medical malpractice in 2009 for an alleged failure to evaluate and timely treat post C-section bleeding. A jury returned a verdict in his favor, awarding no damages or other relief.

Dr. Smith has had no malpractice claims or actions.

7. Identify all individuals named in your response to Interrogatory No. 4 who have been the subject of any **complaints, formal or informal,** regarding any of the following items. For each such individual, please provide information about each such complaint, including date, the nature of the allegations, and any resolution or action taken by any entity (including yourself) in response to the complaint.

    (a) Failure to obtain informed consent;
    (b) Failure to provide complete and accurate information about a patient or client's medical condition;
    (c) Failure to provide information (or complete and accurate information) about treatment options;
    (d) Failure to provide accurate information about the scope of services provided by you or your practice;
    (e) Failure to disclose availability of tests or other diagnostic procedures (*e.g.*, genetic testing during pregnancy);
    (f) Failure to disclose known or suspected fetal anomalies; or
    (g) Refusal to refer a patient to another provider or to provide information about other providers.

RESPONSE: No complaints for the aforesaid reasons have been filed against any health care providers named in answer to Interrogatory 4, to Plaintiffs' knowledge.

**AFFIRMATION:**

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth in these Interrogatory responses are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Cara Paschal_____
Executive Director, Options Now

**AFFIRMATION:**

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth in these Interrogatory responses are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Ronald L. Schroeder, M.D.
Options Now Medical Director

**AFFIRMATION:**

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth in these Interrogatory responses are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.


_____
Judy Cox
1st Way

**AFFIRMATION:**

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth in these Interrogatory responses are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.


_____
Dr. Persino, M.D.
Medical Director, 1st Way

**AFFIRMATION:**

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.


_____
Sue Wilson
Director of Operations, PASS

**AFFIRMATION:**

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth in these Interrogatory responses are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Dr. Pamela Smith, M.D.
PASS Medical Director


Dated:  October \_\_, 2018

/s/Thomas Olp
Thomas Brejcha Thomas Olp
Thomas More Society
19 South LaSalle St. Suite 603
Chicago, IL 60603
(312) 782-1680
tolp@thomasmoresociety.org
Attorneys for Plaintiffs

Joan M. Mannix
Joan M. Mannix, Ltd.
135 South LaSalle Street Suite 2200
Chicago, IL 60603
(312) 521-5845
jmannix@joanmannixltd.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies he sent the foregoing document (**PLAINTIFFS' RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS**) to the undersigned by emailing same this 25th day of October, 2018 to each individual listed below, and by placing on the same date a printed copy of same in the U.S. mail postage prepaid addressed to these individuals.

| | |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois<br><br>Sarah H. Newman<br>Michael T. Dierkes<br>Assistant Attorneys General<br>General Law Bureau<br>100 W. Randolph St., 13th Fl.<br>Chicago, Illinois 60601<br>312-814-6131 / 312-814-3672<br>snewman@atg.state.il.us<br>mdierkes@atg.state.il.us<br>lmadigan@atg.state.il.us | Elissa Graves<br>Kevin H. Theriot<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>egraves@ADFlegal.org<br>ktheriot@ADFlegal.org<br><br>Noel W. Sterett<br>Dalton & Tomich Plc<br>504 N State St.<br>Belvidere, IL 61008<br>815.986.8050<br>nsterett@daltontomich.com<br><br>Anne O'Connor<br>National Institute of Family and Life Advocates<br>5601 Southpoint Centre Blvd.<br>Fredericksburg, VA 22407<br>(540) 372-3930<br>AOConnor@nifla.org<br><br>/s/Thomas Olp<br>Thomas Brejcha Thomas Olp<br>Thomas More Society<br>19 South LaSalle St. Suite 603<br>Chicago, IL 60603<br>(312) 782-1680<br>tolp@thomasmoresociety.org<br><br>Attorneys for Plaintiffs |