IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| National Institute of Family and Life Advocates, *et al.*, | Case No. 16-cv-50310 |
| Plaintiffs, | Hon. Iain D. Johnston |
| v. | Magistrate Judge Lisa A. Jensen |
| Mario Treto Jr., | |
| Defendant. | |
| Ronald Schroeder, *et al.*, | |
| Plaintiffs, | Case No. 17-cv-4663 |
| v. | Hon. Iain D. Johnston |
| Mario Treto Jr., | Magistrate Judge Lisa A. Jensen |
| Defendant. | |

**JOINT MOTION IN LIMINE REGARDING THE
ADMISSION OF EVIDENCE FOR NON-HEARSAY PURPOSES**

Plaintiffs National Institute of Family and Life Advocates, Tri-County Crisis Pregnancy Center, The Life Center, Inc., Mosaic Pregnancy & Health Centers, Dr. Ronald Schroeder, Women's Help Services, and Pregnancy Aid South Suburbs and Defendant Mario Treto Jr. submit this joint motion in limine to restrict the scope of certain agreed exhibits pursuant to the prohibition of hearsay in Federal Rules of Evidence 801 and 802. In support of the motion, the parties state as follows:

1.  At trial in these consolidated cases, both Plaintiffs and Defendant intend to introduce evidence of the operations of the Plaintiff Pregnancy Centers (PCs). This evidence

includes the written policies and procedures of the PCs; copies of pamphlets, booklets, videos, and other informational materials that PCs provide; forms used by the PCs in providing services; and the PCs' publicly accessible webpages.

2. Defendant also intends to introduce documentary evidence relating to the enforcement activities of the Illinois Department of Financial and Professional Regulation (IDFPR), including records relating to complaints received and investigated by IDFPR.

3. Federal Rules of Evidence 801 and 802 generally prohibit using out-of-court statements in documents for the hearsay purpose of proving the truth of matters asserted in those documents. However, Federal Rule of Evidence 105 authorizes the Court to admit evidence for a limited purpose by "restrict[ing] the evidence to its proper scope" upon request of the parties.

4. With respect to the documents constituting records of IDFPR, the parties agree that these records are admissible for the nonhearsay purpose of showing that the department did in fact receive certain complaints relating to licensed health care personnel as set forth in IDFPR documents and the department's operations concerning those complaints.

5. With respect to the documents constituting the written policies, informational materials, forms, and webpages of the PCs, the parties agree that these documents are admissible to show the procedures adopted by the PCs, the processes that the PC staff are expected to follow, and the information that the PCs provide.

6. The parties agree that it would serve the interest of judicial economy to stipulate to the admission of these exhibits for the purposes specified above, subject to the parties' agreement to reserve objections to their use for purposes prohibited by Rules 801 and 802.

7. In agreeing to admit this evidence for a limited purpose, the parties reserve their ability to object to the use of these exhibits to prove the truth of the matter asserted at trial or in

post-trial submissions. The parties also reserve their ability to make arguments in favor of using the exhibits for that purpose, including invoking any applicable exceptions to or exclusions from the prohibition on hearsay (e.g., under the exceptions enumerated in Federal Rule of Evidence 803).

ACCORDINGLY, the parties respectfully request that the Court enter an order admitting agreed exhibits NIFLA #1 through #17; Schroeder #1 through #78 and #83 through #157; and Defendant #1 through #51, #61, #62, and #67 through #71 in the parties' Final Pretrial Order for limited purposes only and preserving the right of the parties to object to the use of these exhibits for hearsay purposes prohibited by Federal Rules of Evidence 801 and 802.

Dated: August 28, 2023                    Respectfully submitted,

/s/ Patrick Gillen                        /s/ John Hazinski
Patrick T. Gillen                         Karyn Bass-Ehler
1581 Oakes Blvd                           Elizabeth Morris
Naples, FL 34119                          Sarah J. Gallo
(734) 355-4728                            Hannah Jurowicz
tg.gillen@gmail.com                       John Hazinski
Counsel for *Schroeder* Plaintiffs        Office of the Illinois Attorney General
                                          100 West Randolph Street
/s/ Kevin Theriot                         Chicago, Illinois 60601
Kevin Theriot                             john.hazinski@ilag.gov
15100 N. 90th St.                         (312) 814-3000
Scottsdale, AZ 85260                      Counsel for Defendant
(480) 444-0020
ktheriot@ADFlegal.org
Counsel for *NIFLA* Plaintiffs