# Exhibit 21

Defendant Trial Exhibit 58
SB 1564 – Final Bill Analysis

| | |
|---|---|
| 09900SB1564 - Enrolled | 9/5/2017 12:34 PM   Page #1 |

| | |
|---|---|
| **Short Description:** | HLTH CARE RIGHT OF CONSCIENCE |
| **Last Action:** | 7/29/2016 - Public Act . . . . . . . . . 99-0690 |
| **Sponsors:** | Sen. Biss, Daniel (D) / Rep. Gabel, Robyn (D) |
| **Current Stage:** | Enrolled |

| `<div class="divFieldName">Files Attachments</div>` | |
|---|---|
| **Status** | Final |
| **Position** | Neutral |
| **Last Review Date** | 06/13/2016 |
| **Summary of Changes** | The Health Care Right of Conscience Act currently provides that a health care facility, physician, or other health care personnel, may refuse to permit, perform, assist in, counsel about, suggest, recommend, refer for, or participate in health care services because of a conscience-based objection. |
| | This legislation adds that when a health care facility, physician, or healthcare personnel is unable to permit, perform, or participate in a health care service that is a diagnostic or treatment option requested by a patient because the health care service is contrary to the conscience of the health care facility, physician, or health care personnel, then the patient shall either be provided the requested health care service by others in the facility or be notified that the health care will not be provided and be referred, transferred, or given information. |
| | If requested by the patient or the legal representative of the patient, the health care facility, physician, or health care personnel shall: (i) refer the patient to, or (ii) transfer the patient to, or (iii) provide in writing information to the patient about other health care providers who they reasonably believe may offer the health care service the health care facility, physician, or health personnel refuses to permit, perform, or participate in because of a conscience-based objection. Similarly, if requested, by the patient or legal representative of the patient, the health care facility, physician, or health care personnel shall provide copies of medical records to the patient or to another healthcare professional or healthcare facility designated by the patient in accordance with Illinois law, without undue delay. |
| | This legislation also provides that all health care facilities shall adopt written access to care and information protocols that are designed to ensure that conscience-based objections do not cause impairment of patients' health and that explain how conscience-based objections will be addressed in a timely manner to facilitate patient health care services. Provides that certain protections under the Act only apply if conscience-based refusals occur in accordance with these protocols. Provides that the protocols must, at a minimum, address certain matters. |
| | This legislation also makes changes to a provision concerning the duty of physicians and other health care personnel. It provides that nothing in the Act shall be construed to prevent a health care facility from requiring that physicians or health care personnel working in the facility comply with access to care and information protocols. |
| | Currently the Act states that nothing shall relieve a physician from any duty, which may exist under any laws concerning current standards, of normal medical practice or care practices and procedures, to inform his or her patient of the patient's condition, prognosis and risks of treatment options provided, however, that such physician shall be under no duty to perform, assist, counsel, suggest, recommend, refer or participate in any way in any form of medical practice or health care service that is contrary to his or her conscience. |
| | This legislation changes "normal medical practice and procedures" to "standards of medical practice or care". The effect is to make it clear that the issue is the standard of care and not the ambiguous term "normal". It also adds that physicians and other health care personnel must additionally inform patients of the patient's legal treatment options and benefits, in addition to risks, of the treatment options. |
| | It defines "undue delay" as unreasonable delay that causes impairment of the patient's health. |
| | This legislation passed the House on Third Reading 61-54-0.   This bill passed the Senate Concurrence 34-19-1. |

DEFENDANT'S EXHIBIT
58

IDFPR_000471

| | |
|---|---|
| Background | The bill was brought to Senator Biss from Planned Parenthood and the ACLU.<br><br>• In April 2005 the Department issued an emergency rule requiring pharmacies to dispense all lawfully prescribed contraceptives, including emergency contraceptives without delay. The rule was made permanent in August 2005.<br><br>• In September 2005 plaintiffs filed a complaint for declaratory and injunctive relief maintaining that emergency contraceptives act as abortifacients and dispensing those products would violate their conscience belief. They argued that the Rule violated the Health Care Right of Conscience Act and the Religious Freedom Restoration Act.<br><br>• In November 2005, on the Department's Motion to dismiss on grounds of ripeness, lack of standing, and failure to exhaust administrative remedies, the Circuit Court dismissed the case. The Appellate Court upheld the Circuit court holding that the issue was not ripe on a 2-1 majority.<br><br>• The Department Amended the Rule in April 2008 while the plaintiffs filed a Petition for Leave to Appeal to the Supreme Court. The amendment provided for remote dispensing when "non-objecting" pharmacist was not on duty and an emergency contraception prescription was brought into the pharmacy. This permitted a remote pharmacist to review the prescription and authorize a pharmacy technician to dispense the medication. It further required that pharmacies ensure that there was always a non-objecting pharmacist on duty at the pharmacy or available remotely while the pharmacy was open. [This amendment was made to settle a lawsuit brought by Walgreens pharmacists against Walgreens. Walgreens had brought the Department in as a third-party defendant.]<br><br>• In December 2008 the Supreme Court reversed the Appellate Court, finding the plaintiffs' claims ripe and remanding the case back to the Circuit Court to proceed on plaintiffs' motion for preliminary injunction. The Supreme Court, however, did not stop there. The opinion actually looked to the underlying issues, which had not yet been litigated, and made it clear that it felt that the Rule likely did violate the Conscience Act and the Religious Freedom Act.<br><br>• In August 2009 the circuit court granted plaintiffs a preliminary injunction, prohibiting the Department from enforcing the Rule against the plaintiffs.<br><br>• In April 2010 the Department repealed all the Pharmacy Rules and adopted a complete rewrite of the Pharmacy Rules in order to give effect to the sunset rewrite of the Pharmacy Practice Act, which itself was an extensive rewrite. Amongst the newly adopted Rules was the current Rule which makes no mention of contraceptives. Rather, the Rule requires that pharmacies dispense all lawfully prescribed FDA-approved prescription drugs and OTC drugs only available from the pharmacy. It also provides several exception from that general requirement such as non-payment, the drug not in stock, and during emergencies when the drug is completely unavailable.<br><br>• In May 2010, plaintiffs file a third amended complaint and a motion for summary judgment seeking relief against the current rule. After hearing, the circuit court permanently enjoined the Department and "those acting in concert" with it from enforcing the current Rule. The Department appealed.<br><br>• The Appellate Court, on September 20, 2012, affirmed in part and modified and reversed in part the permanent injunction imposed by the Circuit Court. The Appellate Court ruled that the Department is not permanently enjoined from enforcing the rule (as currently drafted), but rather is only enjoined from enforcing the current rule against the plaintiffs if such enforcement would go against their conscience-based objection to the rule.<br><br>• Currently the case is pending back in the Circuit Court on the issue of attorneys' fees.<br><br>OTHER<br><br>According to a Home Rule Note and a State Mandates Fiscal Note filed by DCEO, this legislation does pre-empt home rule authority, and it does create a State mandate.. |
| Fiscal Details | No fiscal impact on IDFPR.<br><br>A fiscal note filed by the Illinois Department of Healthcare and Family Services stated that it is unclear if the passage of SB 1564 would jeopardize federal funding for the Illinois Medical Assistance Program. The Church Amendment codified at 42 U.S.C. § 300a-7, stipulates that for healthcare services funded in whole or in part by a program administered by the U.S. Department of Health and Human Services (HHS), no person may be required to "perform or assist in the performance of any sterilization procedure or abortion if his performance or assistance in the performance of such procedure or abortion would be contrary to his religious beliefs or moral convictions." The requirement in SB 1564 that the provider refer individuals to other providers who perform the procedure, especially if abortion or sterilization, violates the Church amendment; such referral could be interpreted as assistance with a morally objectionable procedure. |
| Initiated By | Planned Parenthood<br>ACLU<br><br>According to the Senate Dem Legislative Staff- Planned Parenthood and the ACLU brought the bill to Senator Biss stating patients have been turned away from hospitals- specifically Catholic hospitals- while they are having a miscarriage. They have stated this has caused health issues and left the patient confused as to what medical care is needed. |
| Proponents | American College of Obstetricians and Gynecologists<br>League of Women Voters of Illinois<br>AIDS Foundation of Chicago<br>Equality Illinois<br>ACLU of Illinois<br>Planned Parenthood of Illinois<br>IL Academy of Family Physicians<br>Ounce of Prevention Fund<br>Citizen Action Illinois<br>National Association of Social Workers – Illinois<br>EverThrive Illinois<br>American Association of University Women<br>Chicago Foundation for Women<br>National Council of Jewish Women<br>Midwest Access Project |

| 09900SB1564 - Enrolled | 9/5/2017 12:34 PM | Page #3 |
|---|---|---|
| Opponents | Illinois Family Institute of Concerned Christian Americans<br>Illinois Citizens for Life<br>Americans United for Life<br>Illinois Federation for Right to Life<br>Life Network of Southern Illinois<br>Prolife Action League<br>Americans United for Life<br>Diocese of Springfield, Illinois<br>Franciscan Friars, Marytown<br>TreeFrog Click, Inc.<br>Various Pregnancy Crisis Centers | |
| Neutral | IDFPR<br>Office of Management And Budget<br>Department of Public Health<br>Department of Healthcare And Family Services<br>Illinois State Medical Society | |
| Agency Position | Neutral. The bill does not impact on-going litigation against the Department, and it is unlikely that it will impact future litigation in this general area; therefore, the Department is neutral.<br><br>This bill does not affect IDFPR's regulatory authority, and the Department has no objections to the Governor signing the bill into law. | |
| Related Legislation | | |
| Outstanding Questions | | |
| Effective Date | 01/01/2017 | |
| Agency Initiative | No | |
| Agency Tracking | | |
| Policy Review Complete | No | |
| Legal Review Complete | No | |
| Legis Review Complete | No | |

IDFPR_000473