IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| National Institute of Family and Life Advocates, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Mario Treto Jr.,<br><br>　　　　Defendant. | Case No. 16-cv-50310<br>District Judge Iain D. Johnston<br>Magistrate Judge Lisa A. Jensen |
| Ronald Schroeder, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Mario Treto Jr.,<br><br>　　　　Defendant. | Case No. 17-cv-4663<br>District Judge Iain D. Johnston<br>Magistrate Judge Lisa A. Jensen |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

　　　　Pursuant to the Court's order of June 5, 2024 (ECF 286), Defendant Mario Treto Jr. respectfully submits the following response to the *NIFLA* Plaintiffs' motion for leave to file a notice of supplemental authority (ECF 285), stating as follows:

　　　　Plaintiffs seek to cite as supplemental authority the Supreme Court's recent decision in *National Rifle Association v. Vullo*, No. 22-842, 602 U.S. __, 2024 WL 2751216 (May 30, 2024). *NRA v. Vullo* did not make new law; rather, it simply reiterated the longstanding doctrine that "[a] government official cannot coerce a private party to punish or suppress disfavored speech on her behalf." *Id.* at *11 (citing *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67–69 (1963)).

*NRA v. Vullo* is not proper supplemental authority because it does not involve a change in law or decide any legal or factual question at issue in this case. Plaintiffs cite it only for the undisputed proposition that the First Amendment generally prohibits viewpoint discrimination. *See* ECF 285-1 at 2. But *NRA v. Vullo* does not apply this principle in any relevant way. Plaintiffs' First Amendment theory does not allege that the State is coercing third parties to indirectly punish or suppress disfavored speech. Indeed, across four separate post-trial briefs, Plaintiffs did not once cite either *Bantam Books* or *Backpage.com, LLC v. Dart*, 807 F.3d 229 (7th Cir. 2015)—prior binding cases with holdings identical to *NRA v. Vullo*. *Cf. NRA v. Vullo*, 2024 WL 2751216, at *11 ("The Court does not break new ground in deciding this case. It only reaffirms the general principle from *Bantam Books* . . . .").

This case presents an entirely different legal question than the one in *NRA v. Vullo*: whether the State may enact a generally applicable regulation of professional conduct. Under the amendments to the Health Care Right of Conscience Act, healthcare professionals who wish to invoke the Act's liability shield must provide patients with tailored information necessary to make informed choices about their healthcare. Nothing in *NRA v. Vullo* bears on the constitutionality of this requirement; the case at bar is instead governed by a separate line of precedent regarding regulations of the medical profession, including *Planned Parenthood v. Casey*, 505 U.S. 833 (1992) and *Doe v. Rokita*, 54 F.4th 518 (7th Cir. 2022). Plaintiffs' motion for leave to notice *NRA v. Vullo* as supplemental authority should be denied.

Dated: June 14, 2024                                        Respectfully submitted,

                                                                                  KWAME RAOUL
                                                                                  *Attorney General of Illinois*

                                              By: /s/ John Hazinski
                                              Karyn L. Bass Ehler
                                              Christopher Wells
                                              Elizabeth Morris
                                              Sarah J. Gallo
                                              Hannah Jurowicz
                                              John Hazinski
                                              Office of the Illinois Attorney General
                                              115 S. Lasalle, 20th Fl.
                                              Chicago, IL 60603
                                              (312) 814-3000
                                              John.Hazinski@ilag.gov